# United States District Court
# For the District of Massachusetts

### NOTICE OF APPEARANCE

**No. 1: 05-mc-10052**      Short Title:  In Re Lafayette

     The Clerk will enter my appearance as counsel to the United States District Court for the District of Massachusetts under Local Rule 83-6(9)(A).


Phoebe Morse
Name

| | |
|---|---|
| Office of the U.S. Trustee | (617) 788-0440 |
| Address | Telephone Number |
| 10 Causeway Street, Rm. 1184 | (617) 565-5601 |
| Address | Fax Number |
| Boston, MA  02222 | Phoebe.Morse@usdoj.gov |
| City, State, Zip Code | Email |

BBO Number:  356900


     s/pdm                                                       May 28, 2008
Signature                                                             Date

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: FRANCIS LAFAYETTE )          MBD 08-MC-10132

2008 MAY 21   P 4:30

ORDER PURSUANT TO LOCAL RULES 83.6(5) AND 83.6(9)(A)

WOLF, D.J.                                           May 21, 2008

These matters, which involve allegations of professional misconduct against Francis Lafayette, Esq., of Palmer, Massachusetts, a member of the bar of this Court, have been brought to the attention of the District Court by the Chief Judge of the United States Bankruptcy Court for the District of Massachusetts. The Bankruptcy Court has urged this Court to refer these matters to counsel, pursuant to Rule 83.6(5)(A) of the Local Rules for the United States District Court for the District of Massachusetts, for investigation, prosecution of a disciplinary proceeding, or the formulation of other appropriate recommendations. The District Court has considered this request and finds that it is meritorious. The United States Trustee for Region One is being appointed to serve as counsel in this matter pursuant to Local Rule 83.6(9)(A). The reasons for these decisions are as follows.

Bankruptcy Judge Henry J. Boroff first referred Mr. Lafayette to this Court on January 25, 2005 for various failures to represent adequately consumer debtor clients in five cases filed under Chapter 13 of the Bankruptcy Code.[1] The matter was referred to a three judge panel of the District Court and remains pending. See In re Lafayette, Case No. 1:05-mc-10052; In re LaFrance, 311 B.R. 1 (Bankr. D. Mass. 2004).

In December, 2006, Bankruptcy Judge Joel B. Rosenthal advised the District Court and the Massachusetts Board of Bar Overseers that Mr. Lafayette failed to represent adequately consumer debtor clients in three cases under Chapters 7 and 13 of the Bankruptcy Code. See In re Kaplan, Case No. 06-41771; In re Bibinski, Case No. 05-45455; In re Calederon, Case No. 05-46207. Although Judge Rosenthal referred Mr. Lafayette to the Massachusetts Board of Bar Overseers in December, 2006, virtually no action on that matter is known to have occurred and, in any event it has not been decided.

In December, 2006, Judge Boroff, now Chief Judge of the Bankruptcy Court, issued a decision disallowing Mr. Lafayette's fees for inadequate representation of consumer

---

[1] All references to the "Bankruptcy Code" are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §101 et seq.

2

debtor clients in another three cases under Chapters 7 and 13 of the Bankruptcy Code. See In re LaClair et al., 360 B.R. 338 (Bankr. D. Mass. 2006). In October, 2007, Judge Rosenthal further advised the District Court that Mr. Lafayette failed to represent adequately consumer debtor clients in two cases under Chapters 7 and 13 of the Bankruptcy Code. See In re Geary, Case No. 06-42136; In re Asgarian, Case No. 07-41199. On January 25, 2008, Chief Judge Boroff filed a supplement to his 2005 referral to this Court describing five other instances in which Mr. Lafayette failed to represent his clients adequately, including one case that remains under advisement for alleged violations of Fed.R.Bankr.P. 9011(c)(1)(B).

Failure to comply with court orders and failure to represent clients adequately are serious matters. Thus, the alleged misconduct described by Chief Judge Boroff and Judge Rosenthal may warrant discipline of Mr. Lafayette. The alleged misconduct implicates, among others, Massachusetts Rules of Professional Conduct 1.1, 1.3, 1.4(a), 1.7, 3.3(a)(1) and 8.4 (a), (c) and (h).

Therefore, the District Court has found that the foregoing matters should be referred to counsel pursuant to Local Rule 83.6(5)(A) for any necessary further investigation, the prosecution of further disciplinary

proceedings, or a recommendation for another disposition. The District Court has also determined that the appointment of counsel other than Bar Counsel of the Board of Bar Overseers is justified pursuant to Local Rule 83.6(9)(A) and most appropriate. These matters arise out of events occurring in the Bankruptcy Court and present serious issues concerning the integrity of the bankruptcy system in this District. The United States Trustee for Region One is appointed by the Attorney General in part to assist in assuring the integrity of the bankruptcy system. Therefore, the District Court has determined that it is permissible and most appropriate to appoint the Trustee to serve as counsel in these matters.

Accordingly, it is hereby ORDERED that:

1. The allegations of misconduct described in this Order are referred to counsel for further investigation, prosecution, or the formulation of such other recommendation as may be appropriate pursuant to Local Rule 83.6(5)(A).

2. The United States Trustee for Region One, Phoebe Morse, and any attorneys employed in her office designated by her, are appointed as counsel in this matter and in In re Lafayette, MBD No. 05-10052. See L. R. 83.6(9)(A).

3. Counsel shall, by July 30, 2008, either initiate further disciplinary proceedings against Mr. Lafayette

pursuant to Local Rule 83.6(5)(C) or recommend to the District Court another disposition of these matters pursuant to Local Rule 83.6(5)(B).

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE