**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **In re:**                    )<br>           **FRANCIS LAFAYETTE**    )<br>                                      ) | **1:05-MC-10053-WGY** |

**UNITED STATES TRUSTEE'S SECOND MOTION FOR AN EXTENSION OF TIME WITHIN WHICH DISCIPLINARY PROCEEDINGS MUST BE INITIATED** OR ANOTHER RECOMMENDATION BE MADE PURSUANT TO LOCAL RULE 85.6
(With Certificate of Service)
**(Fed. R. Civ. P. 6; Local Rule 7.1 and Local Rule 40.3)**

Pursuant to Local Rule 83.6(5) and this Court's Order of Appointment as Counsel dated May 21, 2008, entered in Case no. 1:08-mc-10132, (hereafter "the May 21 Order"), as amended, Phoebe Morse, United States Trustee for Region One, (hereafter "Counsel"), has been ordered, on or before August 29, 2008, to initiate disciplinary proceedings against Attorney Francis Lafayette pursuant to LOCAL RULE 83.6(5) (C) or recommend another disposition of matters referred to the Court pursuant to LOCAL RULE 83.6(5)(B). Through her undersigned attorney, Counsel now moves this Court for an order enlarging the time within which to proceed with a disciplinary matter or recommend another disposition to September 12, 2008. In support hereof, Counsel states as follows:

    1.    Counsel is Phoebe Morse, in her capacity as United States Trustee of Region One. Counsel was appointed by this Court on May 21, 2008, by order entered in Case no. 1:08-mc-10132, pursuant to Local Rule 83.6 (5), for the purpose of investigating

1

allegations that Attorney Lafayette has failed to adequately represent consumer debtor clients in numerous cases under Chapters 7 and 13 of the Bankruptcy Code, prosecuting the same or formulating such other recommendation as may be appropriate under applicable rules. The May 21, 2008 order appoints Counsel to serve as counsel in both Case No. 01:08-mc-10132 and in this proceeding.

2.  On May 27, 2008, Counsel initiated an investigation of the allegations of professional misconduct in each of the matters referenced in the May 21, Order by notifying Attorney Lafayette of the scope of her investigation, the details of the allegations of professional misconduct against him and the particular rules of professional misconduct implicated by those allegations. Attorney Lafayette was asked to file a detailed response by June 15, 2008.

3.  On June 16, 2008, the undersigned interviewed Attorney Lafayette, as well as other potential witnesses. At that time, Attorney Lafayette was requested to make his response and to produce specific documentation pertinent to the allegations of misconduct no later than June 30, 2008.

4.  On June 23, 2008, Attorney Lafayette submitted a partial written response to the allegations made in the cases referenced above, and on June 24, 2008, produced some of the documentation requested.

5.  On July 1, 2008, the undersigned contacted Attorney Lafayette and made inquiry of the status of Attorney Lafayette's response. Attorney Lafayette advised the undersigned of the reasons for delay and stated his intention to complete his response after the July 4th holiday weekend. Anticipating the time necessary to analyze Attorney

Lafayette's ultimate response, substantiate (or refute) factual assertions contained in the response, evaluate the alternative dispositions contemplated by LOCAL RULE 83.6, and prepare an appropriate recommendation to the Court, the undersigned asked Attorney Lafayette whether he would consent to a motion seeking a 30 day enlargement of time. Attorney Lafayette agreed to an enlargement of time to August 29, 2008..

6.     This motion for enlargement of time is filed following the filing by Attorney Lafayette on August 28, 2008, of an Assented to Motion in Case No, 1:08-mc-10132, for a further enlargement of the time within which Counsel shall initiate a disciplinary proceeding or recommend another disposition (hereafter "Assented to Motion"). The Assented to Motion seeks a further enlargement of time to September 12, 2008.

7.     Counsel and Attorney Lafayette conferred with respect to the Assented to Motion. Counsel acknowledges that the Assented to Motion seeks an additional period of time so that Attorney Lafayette may complete his response to her May 27, 2008 request for a written response to the allegations of misconduct made against Attorney Lafayette. The May 27, 2008, request was made in the course of Counsel's investigation in furtherance of her appointment pursuant to this court's May 21, 2008, order. A complete response by Attorney Lafayette would constitute an important element of Counsel's evaluation whether to initiate disciplinary proceedings in Case No. 1:08-mc-10132, recommend another disposition is said matter, and or make a particular recommendation in this proceeding. Counsel also acknowledges that the Assented to Motion is based upon circumstances which arose after Counsel's July 3, 2008 request for an extension of time to August 29, 2008. Accordingly, Counsel represented to Attorney Lafayette that, with

permission of the court, Counsel would not initiate a disciplinary proceeding before September 12, 2008 to enable Attorney Lafayette to respond to all pending allegations of misconduct.

8. Counsel has advised Attorney Lafayette of her intent to request the same enlargement of time in these proceedings as the enlargement of time sought by Attorney Lafayette by means of the Assented to Motion in Case no. 1:08-mc-10132. Attorney Lafayette has not consented to the same enlargement in these proceedings.

WHEREFORE, Counsel requests that the time within which she must initiate disciplinary proceedings or recommend another disposition with respect to the allegations of misconduct against Attorney Lafayette pending in these proceedings be enlarged from August 29, 2008 to September 12, 2008.

Dated: August 28, 2008              RESPECTFULLY SUBMITTED

                                    PHOEBE MORSE
                                    United States Trustee


                                    By:   /s/ *Stephen G. Morrell*
                                          Stephen G. Morrell
                                          United States Department of Justice
                                          537 Congress Street, Suite 303
                                          Portland, ME 04101
                                          (207) 780-3564 – Ext. 205
                                          stephen.g.morrell@usdoj.gov

Certificate of Service

      I, Stephen G. Morrell, hereby certify that I have caused a copy of the within **SECOND MOTION FOR AN EXTENSION OF TIME WITHIN WHICH DISCIPLINARY PROCEEDINGS MUST BE INITIATED** OR ANOTHER RECOMMENDATION BE MADE PURSUANT TO LOCAL RULE 85.6 and Certificate of Service be served upon the party listed below by causing a copy thereof to be deposited in the U.S. Mail, postage prepaid, by first class mail this 29th day of August, 2008.

      Francis Lafayette
      Law Offices of Francis Lafayette, J.D.
      1024 Park Street
      Post office Box 1020
      Palmer, Ma. 01069

The undersigned further certifies that a copy of the **SECOND MOTION FOR AN EXTENSION OF TIME WITHIN WHICH DISCIPLINARY PROCEEDINGS MUST BE INITIATED** OR ANOTHER RECOMMENDATION BE MADE PURSUANT TO LOCAL RULE 85.6 and Certificate of Service was transmitted to Francis Lafayette via facsimile transmission to 413-289-1813 and via e-mail transmission to flafayette@yahoo.com 29th day of August, 2008.

Dated: August 29, 2008

      /s/ ***Stephen G. Morrell***
      Stephen G. Morrell
      Assistant United States Trustee
      United States Department of Justice
      537 Congress Street, Suite 303
      Portland, ME 04101
      (207) 780-3564 – Ext. 205
      stephen.g.morrell@usdoj.gov